IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGEI PORTNOY,

        Plaintiff,                                      No. 2:13-cv-0043-MCE-EFB PS

       vs.

VEOLIA TRANSPORTATION SERVICES, INC.; CARMEN ALBA; PERRI NEWELL;

        Defendants.                                     <u>ORDER</u>

                                  /

       This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). *See* Dckt. No. 2. Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

       Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

1  Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

(3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff's complaint, which alleges only state law claims, is purportedly based on this court's diversity jurisdiction. Dckt. No. 1, Compl. at 2 (citing 28 U.S.C. § 1332(a)). Plaintiff contends that this court has diversity jurisdiction because plaintiff is a citizen of California while defendant Veolia Transportation Services, Inc. is a citizen of Illinois. *Id.* Plaintiff also alleges that the amount in controversy exceeds $75,000.00. However, plaintiff's complaint does not include any allegations regarding the citizenship of the other two defendants named in the complaint even though diversity jurisdiction requires complete diversity of citizenship among the parties.[1] Even if the controversy is primarily between citizens of different states, if some properly joined defendant is a citizen of the same state as one of the plaintiffs, there is no federal diversity jurisdiction. *See Pullman Co. v. Jenkins,* 305 U.S. 534, 541 (1939); *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 562 (2005) (finding that the inclusion of a nondiverse party "contaminates" the complaint); *Munoz v. Small Business Admin.,* 644 F.2d 1361, 1365 (9th Cir. 1981).

////

---

[1] Although the citizenship of the other two defendants is unclear, it appears that they might be citizens of California. The attachments to plaintiff's complaint suggest that defendant Alba has been the General Manager of Veolia Transportation Services, Inc.'s operations at its Woodland, California facility since March 2009, Dckt. No. 1 at 20-22, and that defendant Newell was the Regional Director of Human Resources in that facility from March 2008 to April 2011, *id.* at 30.

3

1       Because plaintiff's complaint does not allege complete diversity or any other basis for
2 this court's jurisdiction, the complaint will be dismissed.  However, plaintiff is granted leave to
3 file an amended complaint, if he allege a basis for this court's jurisdiction, as well as a
4 cognizable legal theory and sufficient facts in support of that cognizable legal theory.  *Lopez v.*
5 *Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se
6 litigants an opportunity to amend to correct any deficiency in their complaints).  Should plaintiff
7 choose to file an amended complaint, the amended complaint shall clearly set forth the
8 allegations against defendant and shall specify a basis for this court's subject matter jurisdiction.
9 Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as
10 far as practicable to a single set of circumstances," as required by Federal Rule of Civil
11 Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left
12 margin, as required by Eastern District of California Local Rules 130(b) and 130(c).  Any
13 amended complaint shall also use clear headings to delineate each claim alleged and against
14 which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead
15 clear facts that support each claim under each header.

16       Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to
17 make an amended complaint complete.  Local Rule 220 requires that an amended complaint be
18 complete in itself.  This is because, as a general rule, an amended complaint supersedes the
19 original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once
20 plaintiff files an amended complaint, the original no longer serves any function in the case.
21 Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not
22 alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.
23 1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v.*
24 *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiff that failure to
25 comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order
26 may result in a recommendation that this action be dismissed.  *See* Local Rule 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, Dckt. No. 2, is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: January 15, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE