IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGEI PORTNOY,

     Plaintiff,                              No. 2:13-cv-0043-MCE-EFB PS

     vs.

VEOLIA TRANSPORTATION
SERVICES, INC.,

     Defendant.                         ORDER
_____/

        This case, in which plaintiff is proceeding in propria persona and in forma pauperis, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  On January 15, 2013, the undersigned granted plaintiff's application to proceed in forma pauperis but dismissed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2).  Dckt. No. 3.  The order noted that although plaintiff's initial complaint, which alleged only state law claims, was purportedly based on this court's diversity jurisdiction, the complaint did not allege complete diversity among all of the parties.  *Id.* at 3-4.  The court states that although plaintiff alleged that he is a citizen of California, that defendant Veolia Transportation Services, Inc. is a citizen of Illinois, and that the amount in controversy exceeds $75,000.00, plaintiff's initial complaint did not include any allegations regarding the citizenship of the other two defendants named in the initial complaint.  *Id.* at 3.

1

On January 31, 2013, plaintiff filed an amended complaint once again alleging only state law claims and once again alleging that this court has diversity jurisdiction over the action. Dckt. No. 4. However, unlike the initial complaint, the amended complaint only names Veolia Transportation Services, Inc. as a defendant.[1] *Id.* at 1. The amended complaint once again alleges that the amount in controversy exceeds $75,000.00 and that plaintiff is a citizen of California, and purports to allege that defendant Veolia Transportation Services, Inc. is a citizen of Illinois. However, upon close review of the amended complaint, it does not appear that plaintiff actually alleges that defendant Veolia Transportation Services, Inc. is a citizen of Illinois; rather, plaintiff alleges that Veolia Transportation Services, Inc. is a corporation organized under the laws of Illinois and incorporated in Illinois, does business in the State of California, and has a corporate office in Illinois. *Id.* at 2-3. But, plaintiff does not allege where Veolia Transportation Services, Inc.'s *principal* place of business is located.[2] The phrase "principal place of business" means the place where a corporation's high level officers direct, control and coordinate its activities on a day-to-day basis, and is often referred to as the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1186, 1192 (2010) (stating that the nerve center "should normally be the place where the corporation maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).").

---

[1] If plaintiff's amended complaint properly alleged the citizenship of defendant Veolia Transportation Services, Inc., the removal of the other two individual defendants from plaintiff's amended complaint would have cured the defects regarding diversity of citizenship. *See E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154, 163 (2nd Cir. 2001) (where a nondiverse party was joined initially, an amendment dropping that party may cure the jurisdictional defect and "relates back" to the original complaint).

[2] Although plaintiff alleges that defendant "has a corporate office in Illinois," plaintiff does not specifically allege that defendant's principal place of business, "nerve center," or headquarters are in Illinois.

1       Since the citizenship of a corporation is determined by both the state of incorporation *and*
2 the state whether the corporation's principal place of business is located, the complaint must
3 allege both defendant's state of incorporation *and* the location of defendant's principal place of
4 business. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every
5 State and foreign state by which it has been incorporated *and* of the State or foreign state where
6 it has its principal place of business") (emphasis added); *see also Indiana Hi-Rail Corp. v.*
7 *Decatur Junction Ry. Co.*, 37 F.3d 363, 365, n.3 (7th Cir. 1994) ("Here Hi-Rail alleged the place
8 of incorporation of both itself and Decatur Junction — Indiana and Iowa, respectively — but did
9 not allege either corporation's principal place of business. Since Hi-Rail failed to plead the
10 principal place of business of the parties, the district court should have either independently
11 established that this jurisdictional requirement was satisfied or dismissed the petition for lack of
12 jurisdiction."); *see also Bautista v. Pan American World Airlines, Inc*., 828 F.2d 546, 552 (9th
13 Cir. 1987) (allegation that defendant is a citizen of a state other than that of plaintiff is
14 insufficient).

15       Accordingly, plaintiff's amended complaint will once again be dismissed. However,
16 plaintiff is granted leave to file a second amended complaint, if he can allege a basis for this
17 court's jurisdiction, as well as a cognizable legal theory and sufficient facts in support of that
18 cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
19 (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in
20 their complaints). Should plaintiff choose to file a second complaint, the second amended
21 complaint shall clearly set forth the allegations against defendant and shall specify a basis for
22 this court's subject matter jurisdiction.

23       Any second amended complaint shall plead plaintiff's claims in "numbered paragraphs,
24 each limited as far as practicable to a single set of circumstances," as required by Federal Rule of
25 Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the
26 left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any

second amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files a second amended complaint, the original and first amended complaint no longer serve any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. See Local Rule 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's amended complaint is dismissed with leave to file a second amended complaint, as provided herein.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint. The second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Failure to timely file a second amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: February 5, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE