UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEI PORTNOY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>VEOLIA TRANSPORTATION SERVICES,<br><br>　　　　　Defendant. | No. 2:13-cv-0043-MCE-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　This action proceeds on plaintiff's second amended complaint. On October 16, 2013, defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff's claims are barred by the doctrine of *res judicata*.[1] ECF No. 26. Plaintiff opposes the motion. ECF No. 34. For the following reasons, defendant's motion must be granted.

I.　　BACKGROUND

　　　　Plaintiff's second amended complaint alleges that he began working as a bus operator for Yolobus in July 2003. Second. Am. Compl., ECF No. 6 at ¶ 5. In 2006, defendant took over management of Yolobus. *Id*. at ¶ 6. On the morning of March 8, 2010, plaintiff was contacted by

---

[1] This case, in which plaintiff is proceeding *in forma pauperis* and *in propria persona*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

1 dispatch to drive a route because the regular driver was absent. *Id*. at ¶ 9. During the route,
2 plaintiff discovered that a strip of molding on the back-door panel was sticking out. *Id*. at ¶ 10.
3 Plaintiff allegedly stopped the bus and bent the molding by hand to keep it from injuring
4 passengers. *Id*. at ¶ 11. When plaintiff finished his route, he delivered the bus to a mechanic to
5 have the molding fixed. *Id*. at ¶ 13. Plaintiff returned to the work later that day to begin his
6 regular route, but defendant's safety manager informed him that he was being placed on
7 administrative leave. *Id*. at ¶ 14. The complaint appears to allege that defendant's employees
8 misrepresented that plaintiff clipped the back of a utility truck while driving his route. *See id*. at
9 ¶¶ 15, 16, 17. Plaintiff claims, however, that no accident occurred. *Id*. at ¶ 16. Plaintiff's
10 employment was eventually terminated because of the alleged misrepresentation. *Id*. at ¶ 28.
11       The complaint alleges the following claims for relief: (1) fraud, (2) intentional
12 concealment, (3) intention misrepresentation, (4) fraudulent discharge, (5) intentional infliction of
13 emotional distress, and (6) negligent infliction of emotional distress. *Id*. at 7-13.
14 II.      Amended Complaint
15      On October 7, 2013, plaintiff filed a third amended complaint, which also challenges his
16 March 17, 2010 termination. ECF No. 22. Because plaintiff has previously amended his
17 complaint, he can only amend his complaint with defendant's written consent or leave of court.
18 Fed. R. Civ. P. 15(a). Defendant has not consented to plaintiff amending his complaint, Def.'s
19 Reply, ECF No. 35 at 2-3, nor has plaintiff requested leave to file an amended complaint.
20 Furthermore, for the reasons explained below, even assuming plaintiff had been granted leave to
21 file his third amended complaint, that complaint would also be barred based on the doctrine of *res*
22 *judicata*, as its claims are also based on plaintiff's March 17, 2010 termination. *See generally*
23 ECF No. 22. Accordingly, the court will strike plaintiff's third amended complaint.
24 III.      MOTION TO DISMISS
25       A. Rule 12(b)(6) standard
26       To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint
27 must contain more than a "formulaic recitation of the elements of a cause of action"; it must
28 contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell*

2

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

The court is mindful of plaintiff's pro se status.  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).  However, although the court must construe the pleadings of a pro se litigant liberally, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985), that liberal interpretation may not supply essential elements of a claim that are not plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or unwarranted deductions of fact.  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

/////

B. *Res Judicata*

Defendant moves to dismiss the second amended complaint under 12(b)(6), arguing that plaintiff's claims are barred by *res judicata* based on a previous action plaintiff filed in this court. Def.'s P&A ISO Mot. to Dismiss, ECF No. 28 at 2; *see Portnoy v. Veolia Transportation Services, Inc.*, No. 2:10-cv-2730-GEB-CKD PS, 2011 WL 5026021 (E.D. Cal. Oct. 21, 2011). In his previous action, plaintiff alleged that defendant Veolia Transport, Inc. discriminated against plaintiff by terminating his employment based on his national origin. *Portnoy*, 2011 WL 5026021 at *1. Plaintiff alleged that in the summer of 2009, his general manager told him that he was going to be terminated because he was Russian and the manager did not like Russians. *Id*. Plaintiff further claimed that his employment was terminated effective March 17, 2010 based on an incident that occurred while operating a bus on March 8, 2010. *Id*.

Plaintiff alleged that defendant's conduct violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*., the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12900, *et seq*., his rights under the California Constitution, Article I, Section 8, breach of implied contract, breach of the implied covenant of good faith and fair dealing, intentional and negligent infliction of emotional distress, and violation of California public policy. *Id*.

The defendant was granted summary judgment in that action, based on the court's finding that plaintiff had failed to submit any evidence supporting his claims. *Id*. at *3. Judgment was entered in defendant's favor. *See Portnoy v. Veolia Transportation Services, Inc.*, No. 2:10-cv-2730-GEB-CKD PS, ECF Nos. 57, 58.

Under res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (superseded by statute on other grounds) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 378 (1940); 1B James W. Moore, et al., *Moore's Federal Practice* ¶ 0.405[1] (2d ed.1974). "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3)

4

privity between parties." *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir.2003) (quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n. 3 (9th Cir.2002)).

      i. *Identity of Claims*

"Identity of claims exists when two suits arise from 'the same transactional nucleus of facts.'" *Id*. at 1078 (quoting *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 713 (9th Cir. 2001)). "The fact that res judicata depends on an 'identity of claims' does not mean that an imaginative attorney may avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated." *Id*. at 1077–78. "Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id*. It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought. *C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987).

In this action, plaintiff again challenges his March 17, 2010 termination by defendant Veolia Transportation Services, Inc. Although plaintiff has now modified his theory as to why he was terminated from his position, the instant case still involves the same nucleus of facts, *i.e.* plaintiff's termination. In fact, plaintiff's second amended complaint contains claims that plaintiff asserted in the earlier action. *Compare* ECF No. 6 to *Portnoy*, No. 2:10-cv-2730-GEB-CKD PS, ECF No. 1 (both actions containing claims for intentional and negligent infliction of emotional distress based on plaintiff's termination). Plaintiff "cannot avoid the bar of res judicata merely by alleging conduct by the defendant not alleged in his prior action or by pleading a new legal theory." *McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986). Thus, the claims presented in this action could have been presented in plaintiff's earlier action.

/////
/////
/////
/////

            ii. *Final Judgment on the Merits*

Res judicata also requires a final judgment on the merits. In the prior action, the court granted defendant's motion for summary judgment and judgment was entered in defendant's favor. *See Portnoy*, No. 2:10-cv-2730-GEB-CKD PS, ECF Nos. 54, 57, 58. Thus, there was a final judgment on the merits.

            iii. *Privity of Parties*

There is also privity between the parties here. In both actions, plaintiff sued Veolia Transportation Services. Since both actions involved the same parties, this element is satisfied.

Therefore, plaintiff's current action is barred by the doctrine of *res judicata*. As amendment would be futile, plaintiff's complaint must be dismissed without leave to amend. *Dumas v. Kipp*, 90 F.3d 386, 389 (9th Cir. 1996) (holding dismissal without leave to amend is appropriate where further amendment would be futile).

III.   CONCLUSION

Accordingly, it is hereby ORDERED that plaintiff's Third Amended Complaint is stricken and the Clerk is directed to make a notation on the docket to that effect.

Further, it is hereby RECOMMENDED that:

1. Defendant's Motion to Dismiss, ECF No. 26, be granted;

2. The second amended complaint be dismissed without leave to amend;

3. The Clerk be directed to enter judgment in defendant's favor; and

4. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

/////

/////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 4, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE