| | |
|---|---|
| 1 | George Allen, #145357 |
| | 1903 21st Street |
| 2 | Sacramento, CA 95811 |
| | (916) 444-8765 |
| 3 | (916) 444-1983 – (facsimile) |
| | looga@looga.com |
| 4 | |
| | Brian C. Hey (*pro hac vice*) |
| 5 | James N. Foster, Jr. (*pro hac vice*) |
| | McMahon Berger, P.C. |
| 6 | 2730 North Ballas Road, Suite 200 |
| | St. Louis, Missouri 63131-3039 |
| 7 | (314) 567-7350 – Telephone |
| | (314) 567-5968 – Facsimile |
| 8 | hey@mcmahonberger.com |
| | foster@mcmahonberger.com |
| 9 | |
| | Attorneys for Defendant |
| 10 | Veolia Transportation Services, Inc. |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SERGEI PORTNOY, an individual, | CIVIL CASE NO. 2:13-CV-0043-MCE-EFB |
| Plaintiff, | **POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT VEOLIA'S MOTION FOR ATTORNEYS' FEES, COSTS, AND SANCTIONS PURSUANT TO FRCP 11** |
| v. | |
| VEOLIA TRANSPORTATION SERVICES, INC., | |
| Defendant. | Date: 4/16/2014 |
| | Time: 10:00 a.m. |
| | Judge: Edmund F. Brennan |
| | Dept.:  Courtroom 8 |

Veolia requests reasonable attorneys' fees, costs, and sanctions against Portnoy pursuant to FRCP 11(b); as well as a finding that Portnoy is a vexatious litigant and an order requiring Portnoy to obtain Court permission prior to filing future lawsuits against Veolia.

FRCP 11(b) states, in pertinent part:

By presenting to the court … a pleading, written motion, or other paper, an … unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law …;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery …

*    *    *    *    *

Portnoy's instant action is clearly intended to harass Veolia and increase the cost of litigation. Examination Portnoy's long history of prior litigation demonstrates Portnoy's complete disregard of the law. *See, e.g., Portnoy v. Veolia Transportation Services, Inc.*, Case No. 2:10-cv-02730-GEB-CKD; *Portnoy v. U.S. Bank, et al*, Case No. 3:03-cv-04238-MJJ (N.D. Cal.2005) (granting defendant's motion to dismiss and noting Portnoy failed to file any opposition); *Portnoy v. U.S. Bank, et al*, Case No. 2:04-cv-01850-DFL-DAD (E.D. Cal.2005) (granting defendant's motion for summary judgment dismissing all federal claims and remanding all state law claims); *Portnoy v. United States of America*, Case No. 2:05-cv-00649-DFL-KJM (E.D. Cal.2006) (granting defendant's motion for summary judgment and noting that some of Portnoy's claims were previously fully adjudicated and thus barred on *res judicata* grounds); *Portnoy v. U.S. Bank, et al*, Case No. 2:06-cv-02375-LKK-GGH (E.D. Cal.2008) (granting motion to dismiss including Portnoy's civil rights claim); *Portnoy v. City of Woodland, et al*, Case No. 2:07-cv-02526-JAM-JFM

1  (E.D. Cal.2009) (granting defendant's motion to dismiss); *Portnoy v. United States of America, et al*,
2  Case No. 2:08-cv—1266-MCE-GGH (E.D. Cal.2009) (dismissing Portnoy's Amended Complaint
3  because it was duplicative); *Portnoy v. United States of America*, Case No. 2:09-cv-01935-GEB-
4  DAD (E.D.2009) (dismissing Portnoy's claims noting that all of Portnoy's complaints were
5  duplicative; *Portnoy v. United States of America*, Case No. 2:10-cv-01680-FCD-KJM (E.D.2010)
6  (dismissing Portnoy's claims and noting that all of Portnoy's claims were duplicative); *Portnoy v.*
7  *American Honda Financial Services*, Case No. 2:11-cv-00136-GEB-DAD (E.D. Cal.2011)
8  (dismissed for lack of subject matter jurisdiction); *Portnoy v. USA*, Case No. 2:11-cv-00264-GEB-
9  EFB (E.D.2011) (granting defendant's motion to dismiss noting that all of Portnoy's claims
10 duplicate his previous lawsuits filed against the United States of America); *Portnoy v. United States*
11 *of America*, Appeal No. 12-15174 (Feb. 13, 2013) (affirming district court's dismissal as being
12 barred by the doctrine of *res judicata*). Moreover, Portnoy continues to pursue his harassment
13 through filing yet another lawsuit which is clearly barred by the doctrine of *res judicata*: on January
14 10, 2014 Portnoy filed in this Court yet another complaint – *Sergei Portnoy v. Veolia Transportation*
15 *Services*, No. 2:14-CV-00423-TLN-CKD-PS – alleging defamation and intentional and negligent
16 infliction of emotional distress based on Veolia's termination of his employment.

17     Based upon his litigation history, Portnoy clearly knows by now that it is improper to re-
18 litigate claims that were previously brought or should have been brought in a prior action involving
19 the same parties. Moreover, Portnoy refused to dismiss this action voluntarily after receiving
20 Veolia's October 13, 2013 safe harbor letter warning him to dismiss his lawsuit or risk paying
21 reasonable attorneys' fees, costs, and sanctions (See Exhibit A, Veolia's Safe Harbor Letter to
22 Portnoy). Therefore, Veolia respectfully requests that the Court order Portnoy to pay all its
23 reasonable attorneys' fees and costs associated with this action as sanctions in the amount of
24 $13,693.27 awarded against Portnoy. *See,* e.g., *Ivanova v. Columbia Pictures Industries, Inc.*, 217
25 F.R.D. 501, 512 (C.D. Cal. 2003) ("Courts have found that the filing a complaint that includes
26 factual or legal contentions that are barred by a prior judgment violates Rule 11.") (*internal citations*
27 *omitted*).

28

Because Portnoy continues to file such claims, Veolia also respectfully that the Court find Portnoy to be a vexatious litigant and required him to secure Court permission before filing any additional lawsuits against Veolia. *See e.g. Eng v. Marcus & Millichap Co.*, C 10-05050 CRB, 2011 WL 2175207 (N.D. Cal. June 3, 2011)(acknowledging such authority under 28 U.S.C. § 1651(a) for continued vexatious litigation); *McMahon v. Pier 39 Ltd. P'ship*, C03-00251 CRB, 2003 WL 22939233 (N.D. Cal. Dec. 5, 2003)(finding plaintiff vexatious litigant for continuing to file lawsuits on allegations already litigated); *De Long v. Hennessey,* 912 F.2d 1144 (9th Cir. 1990)(outlining standards for order requiring permission for vexatious litigant to request approval prior to filing).

Dated: 2-11-2014

                                                Respectfully submitted,

/s/Brian C. Hey_____
Brian C. Hey (*pro hac vice*)
James N. Foster, Jr. (*pro hac vice*)

Attorneys for Defendant