1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA

10

11  SERGEI PORTNOY,                              No.  2:13-cv-00043-MCE-EFB

12                Plaintiff,

13         v.                                    **MEMORANDUM AND ORDER**

14  VEOLIA TRANSPORTATION
    SERVICES, INC., et. al.,
15

16                Defendants.

17         On January 9, 2013, Plaintiff Sergei Portnoy ("Plaintiff"), acting pro se, filed a

18  Complaint alleging numerous claims against Defendants Veolia Transportation Services,

19  Inc., Carmen Alba, and Perri Newell stemming from Plaintiff's March 17, 2010,

20  termination as a bus operator.  See ECF No. 1.  Because Plaintiff's claims could have

21  been raised in prior litigation against Defendant, however, the Court dismissed Plaintiff's

22  Second Amended Complaint ("SAC").  See ECF Nos. 43, 56.  On February 11, 2014,

23  Defendant Veolia Transportation Services, Inc. ("Defendant") moved for attorneys' fees,

24  costs and sanctions.  Mot., ECF Nos. 44-45.  Plaintiff filed a timely opposition.  Opp'n,

25  ECF No. 55.  For the following reasons, Defendant's Motion is GRANTED.[1]

26  ///

27  _____

28         [1] Because oral argument was not of material assistance, the Court ordered this matter submitted
    on the briefs.  E.D. Cal. Local R. 230(g).  See ECF No. 64.

1

2

**BACKGROUND**

3

On February 5, 2013, the Court dismissed with leave to amend Plaintiff's initial

Complaint, which alleged only state law claims, for failure to adequately allege complete

diversity.  See ECF Nos. 1, 3.  The Court dismissed Plaintiff's First Amended Complaint

for the same reason.  See ECF Nos. 4, 5.  On February 12, 2013, Plaintiff filed the SAC

on which this action proceeded.  See ECF Nos. 6-7.  Plaintiff's SAC contained the

following claims for relief:  (1) fraud, (2) intentional concealment, (3) intention

misrepresentation, (4) fraudulent discharge, (5) intentional infliction of emotional distress,

and (6) negligent infliction of emotional distress.  SAC, ECF No. 6 at 7-13.  Plaintiff's

claims all stem from his March 17, 2010, termination as a bus operator employed by

Defendant.  Id.

On October 16, 2013, Defendant filed a motion to dismiss pursuant to Federal

Rule of Civil Procedure 12(b)(6),[2] ECF No. 26, arguing that Plaintiff's claims are barred

by the doctrine of res judicata based on a previous action Plaintiff filed in this Court.  See

Portnoy v. Veolia Transportation Services, Inc., No. 2:10-cv-2730-GEB-CKD PS,  2011

WL 5026021 (E.D. Cal. Oct. 21, 2011).  In the prior action, Plaintiff had alleged that

Defendant discriminated against him by terminating his employment based on his

national origin.  Id. at *1.  According to Plaintiff there, in the summer of 2009, his general

manager had told him that he was going to be terminated because he was Russian and

the manager did not like Russians.  Id.  Plaintiff further claimed that his employment was

terminated effective March 17, 2010, based on an incident that had occurred while

operating a bus on March 8 of that year.  Id.  The Court granted Defendant's Motion for

Summary Judgment, finding that Plaintiff had failed to submit any evidence supporting

his claims.  Id. at *3.

///

---

[2]  Unless otherwise stated, all further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

1   Plaintiff opposed Defendant's Motion to Dismiss the SAC in this action.  See

2   Opp'n, ECF No. 34.  On February 5, 2014, the assigned Magistrate Judge

3   recommended that the Court grant the motion.  See Order and Findings and

4   Recommendation ("F&R"), ECF No. 43.  The F&R also noted that because amendment

5   would be futile, Plaintiff's complaint should be dismissed without leave to amend.  Id. at

6   6 (citing Dumas v. Kipp, 90 F.3d 386, 389 (9th Cir. 1996)).  On March 28, 2014, after

7   reviewing the case file, the Court adopted the F&R in full.  Order, ECF No. 56.

8   On February 11, 2014, during the period between the filing of the F&R and this

9   Court's Order dismissing Plaintiff's SAC, Defendant moved for Attorney's Fees, Costs

10   and Sanctions pursuant to Rule 11.  That Motion is now pending before this Court.  Mot.,

11   ECF No. 44.[3]

12                                          **STANDARD**

13

14   Federal Rule of Civil Procedure 11 provides, in relevant part:

15          By presenting to the court a pleading, written motion, or other
           paper . . . an attorney or unrepresented party certifies that to
16          the best of the person's knowledge, information, and belief,
           formed after an inquiry reasonable under the circumstances:
17          (1) it is not being presented for any improper purpose, such
           as to harass, cause unnecessary delay, or needlessly
18          increase the cost of litigation; (2) the claims, defenses, and
           other legal contentions are warranted by existing law or by a
19          nonfrivolous argument for extending, modifying, or reversing
           existing law or for establishing new law; [and] (3) the factual
20          contentions have evidentiary support or, if specifically so
           identified, will likely have evidentiary support after a
21          reasonable opportunity for further investigation or discovery.

22   Fed. R. Civ. P. 11. "If, after notice and a reasonable opportunity to respond, the court

23   determines that Rule 11(b) has been violated, the court may impose an appropriate

24   sanction on any attorney, law firm, or party that violated the rule . . . ." Id.

25   Rule 11 "is designed to deter attorneys and unrepresented parties from violating

26   their certification that any pleading, motion or other paper presented to the court is

27   _____

28          [3] On April 1, 2014, Plaintiff filed a Notice of Appeal.  Plaintiff's appeal is currently pending before
     the Ninth Circuit.  ECF No. 58; see Ninth Circuit Court of Appeals Case No. 14-15636.

3

1   supported by an objectively reasonable legal and factual basis; no showing of bad faith
2   or subjective intent is required."  Truesdell v. S. Cal. Permanente Med. Grp., 209 F.R.D.
3   169, 173-74 (C.D. Cal. 2002).  Rather, Rule 11 is governed by an objective standard of
4   reasonableness.  See, e.g., Conn v. CSO Borjorquez, 967 F.2d 1418, 1420 (9th Cir.
5   1992).  Thus, where a party "pursues causes of action for which there is no legal basis
6   whatsoever," sanctions may be warranted.  Bhambra v. True, No. 09–cv–4685–CRB,
7   2010 WL 1758895, at *3 (N.D. Cal. Apr. 30, 2010).  Pro se plaintiffs are equally subject
8   to Rule 11's mandates and sanctions as represented parties.  See Warren v. Guelker,
9   29 F.3d 1386, 1390 (9th Cir. 1994); Business Guides, Inc. v. Chromatic Communications
10  Enters., Inc., 892 F.2d 802, 811 (9th Cir. 1989).

11          "The central purpose of Rule 11 is to deter baseless filings."  United States ex rel.
12  Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 254 (9th Cir. 1992)
13  (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990)).  "Under the plain
14  language of the rule, when one party files a motion for sanctions, the court must
15  determine whether any provisions of subdivision (b) have been violated."  Id.  If Rule
16  11(b) was violated, the court "may" impose sanctions.  Id. at 1390.  However, a court
17  cannot simply assert that it "declines to impose sanctions."  Id.

18
19                                      **ANALYSIS**
20

21      **A.      Jurisdiction over Defendant's Rule 11 Motion[4]**
22          Although the Ninth Circuit does not appear to have addressed the specific
23  question of whether a District Court retains jurisdiction to hear and decide a Rule 11
24  sanctions motion while an appeal is pending before that court, the Court concludes that,
25  based on the timing and nature of Defendant's motion and the purpose and objectives of
26  ///

27  _____
28          [4] Neither party raised the issue of whether the Court may hear this Motion at this time nor did
        either party request that the Court delay addressing it until after Plaintiff's pending appeal is resolved.

1   Rule 11 as expressed in the advisory committee's notes and applicable case law,

2   jurisdiction over Defendant's Motion remains.

3          First, as an initial matter, the Court notes that Defendant's Motion was filed while

4   Plaintiff's action was still pending before this Court.  Defendant moved for sanctions on

5   February 11, 2014 – shortly after the F&R was issued on February 5, 2014, but before

6   the Court adopted the F&R and dismissed Plaintiff's SAC without leave to amend on

7   March 28, 2014.  See ECF Nos. 43, 44, 56.[5]

8          In addition, because Rule 11 sanctions are considered a collateral matter over

9   which the Court retains jurisdiction after the principal suit has been terminated, it follows

10   that the Court has jurisdiction to hear this motion at this time.  See Cooter & Gell v.

11   Hartmarx Corp., 496 U.S. 384, 396 (1990); see also Didie v. Howes, 988 F.2d 1097,

12   1103 (11th Cir. 1993) (explaining that a "district court has the authority to consider and

13   rule upon the collateral issue of [Rule 11] sanctions, although the case from which

14   allegedly sanctionable conduct arose is no longer pending.").  Cf. Orange Production

15   Credit Ass'n v. Frontline Ventures, Ltd., 792 F.2d 797, 801 (9th Cir. 1986) ("The fact that

16   the district court lacked [subject matter] jurisdiction to consider the merits of the case did

17   not preclude it from imposing [Rule 11] sanctions.").  Similarly, the Supreme Court has

18   noted that "in the case of pleadings the sanctions issue under Rule 11 normally will be

19   determined at the end of the litigation" and that there should not be a "lengthy delay

20   prior" to the imposition of Rule 11 sanctions.  Cooter & Gell, 496 U.S. at 398.

21   ///

22

23          [5]  "Motions for Rule 11 attorney's fees cannot be served after the district court has decided the
     merits of the underlying dispute giving rise to the questionable filing.  This is because once the court has
24   decided the underlying dispute, the motion for fees cannot serve Rule 11's purpose of judicial economy."
     Islamic Shura Council of S. California v. F.B.I.,___ F.3d ____, 12-55305, 2014 WL 1013324, at *1 (9th Cir.
25   Mar. 18, 2014).  Although Defendant's motion was filed after the filing of the Magistrate Judge's F&R, it
     was filed prior to this Court's adoption of the F&R and the Court's final determination of the underlying
26   dispute.  Moreover, as explained below, Plaintiff received Defendant's safe harbor letter shortly after the
     filing of his SAC giving him an opportunity to withdraw or move to amend his Complaint prior the Court's
27   evaluation of Defendant's Motion to Dismiss.  Cf. 5A Charles Alan Wright & Arthur R. Miller, Federal
     Practice and Procedure § 1337.2 (3d ed.) (noting that one purpose of Rule 11 is to "encourag[e] the
28   withdrawal of papers that violate the rule without involving the district court, thereby avoiding sanction
     proceedings whenever possible and streamlining the litigation process").

1    Finally, the Court's ruling on Defendant's motion is proper based on concerns of

2   judicial economy.  Here, "because [Defendant's] Rule 11 Motion is based on [Plaintiff's

3   SAC], the Court determines that it [is] appropriate to [address] the Rule 11 Motion after

4   the litigation's conclusion" in this Court.  U.S. ex rel White v. Apollo Grp., Inc., EP-04-CA-

5   452-DB, 2006 WL 1042881 (W.D. Tex. Apr. 17, 2006) aff'd sub nom. U.S. ex rel.

6   White v. Apollo Grp., Inc., 223 F. App'x 401 (5th Cir. 2007) (citing Donaldson v. Clark,

7   819 F.2d 1551, 1556 (11th Cir.1987).  In addition, "[i]t is only logical that the [Ninth

8   Circuit] should have the district court's Rule 11 findings before it on appeal; such findings

9   are often fact intensive and the district court is particularly well-suited to reach Rule 11

10   issues shortly after the court reaches its final disposition of the matter.  A contrary

11   interpretation . . . would inevitably postpone Rule 11 findings for years and needlessly

12   lead to yet another appeal after the district court ruled thereon."  DeMarco v. Depotech

13   Corp., 131 F. Supp. 2d 1185, 1187 (S.D. Cal. 2001) aff'd, 32 F. App'x 260 (9th Cir.

14   2002).

15    Therefore, for all of the reasons explained above, the Court exercises its

16   discretion to address Defendant's motion at this time.  See, e.g., Montgomery v. Jimmy's

17   Tire & Auto Ctr., Inc., 566 A.2d 1025, 1031 (D.C. 1989) (explaining that "the timing of

18   [Rule 11] sanctions is left to the discretion of the court").

19    **B.    The Merits of Defendant's Rule 11 Motion**

20    Through its pending motion, Defendant "requests reasonable attorneys' fees,

21   costs, and sanctions against [Plaintiff] pursuant to [Rule 11(b)]; as well as a finding that

22   [Plaintiff] is a vexatious litigant and an order requiring [Plaintiff] to obtain Court

23   permission prior to filing future lawsuits against [Defendant]."  ECF No. 45 at 2.

24    **1. Defendant's Rule 11 "Safe Harbor Letter"**

25    Where, as here, sanctions are initiated by motion, Rule 11
       provides for a mandatory 21 day safe-harbor period before a
26     motion for sanctions is filed with the court.  The movant
       serves the allegedly offending party with a filing-ready motion
27     as notice that it plans to seek sanctions.  After 21 days, if the
       offending party has not withdrawn the filing, the movant may
28     file the Rule 11 motion with the court. This period is meant to

6

1   give litigants an opportunity to remedy any alleged
2   misconduct before sanctions are imposed.

3   Truesdell v. S. California Permanente Med. Grp., 293 F.3d 1146, 1151-52 (9th Cir. 2002)

4   (citing Fed. R. Civ. P. 11).

5          On October 21, 2013, Defendant mailed Plaintiff a letter in which it requested that

6   he dismiss his lawsuit immediately.  See Exhibit A, ECF No. 47-1.  Defendant's letter,

7   stated in part:

8          The basis for our request is that the claims contained in the
       lawsuit are claims that were raised or could have been raised
9          in your federal civil suit against [Defendant] that was
       ultimately dismissed with prejudice.  See Portnoy v. Veolia
10         Transportation Services, Inc., Case No. 2:10-cv-2730-GEB-
       CKD (E.D. Cal. Oct 12, 2011), summarily aff'd, No. 11-17782
11         (9th Cir. Jan 3, 2013) (order); see also Stewart v. U.S.
       Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) ("Res judicata, or
12         claim preclusion, prohibits lawsuits on 'any claims that were
       raised or could have been raised' in a prior action . . . when
13         there is: '(1) an identity of claims; (2) a final judgment on the
       merits; and (3) identity or privity between parties.'" (citation
14         omitted) (emphasis in original)).

15  Id.  The letter went on to explain that Plaintiff's "current lawsuit against [Defendant]

16  alleges the same negligent and intentional infliction claims contained in [Plaintiff's] prior

17  lawsuit against [Defendant].  Furthermore, [Plaintiff's] claims for fraud, intentional

18  concealment, intentional misrepresentation, and fraudulent discharge all arise or relate

19  to the termination of employment with [Defendant] and thus could have been raised in

20  your prior lawsuit."  Id.  Thereafter, Defendant explained that "Courts have found that the

21  filing [of] a complaint that includes factual or legal contentions that are barred by a prior

22  judgment violates Rule 11."  Id. at 1-2 (citing Ivanova v. Columbia Pictures Indus., Inc.,

23  217 F.R.D. 501, 512 (C.D. Cal. 2003) aff'd sub nom. Laparade v. Ivanova, 116 F. App'x

24  100 (9th Cir. 2004)).  Defendant cited Plaintiff's long litigation history, including actions

25  that were dismissed on res judicata grounds.  See Exhibit A, ECF No. 47-1 at 2 (listing

26  cases).  Defendant also enclosed copies of Rule 11, its Notice of Motion and Motion for

27  Attorneys' Fees, Costs and Sanctions Pursuant to Rule 11, its Memorandum of Points

28  and Authorities, and its Request for Judicial Notice.  See id.; ECF Nos. 47-1 at 3-13,

1   47-2, 47-3, 47-4.  The attached Memorandum of Points and Authorities indicated that

2   Defendant would request that the Court order Plaintiff "to pay all reasonable attorneys'

3   fees and costs associated with this action . . . in the amount of $25,000.00."  ECF No.

4   47-1 at 9.  Defendant's October 21, 2013 letter fulfilled the purpose of Rule 11's safe

5   harbor provision as it provided Plaintiff will an opportunity to withdraw his SAC.

6                   **2. Propriety of Sanctions under Rule 11(b)**

7           Defendant premises its motion for sanctions on the fact that Plaintiff "clearly

8   knows by now that it is improper to re-litigate claims that were previously brought or

9   should have been brought in a prior action involving the same parties."  ECF No. 45 at 3.

10  Therefore, because Plaintiff "refused to dismiss this action voluntarily after receiving

11  [Defendant's] October 13, 2013 safe harbor letter warning him to dismiss his lawsuit or

12  risk paying reasonable attorneys' fees, costs, and sanctions," and he did not dismiss or

13  amend his Complaint, Defendant now "requests that the Court order [Plaintiff] to pay all

14  its reasonable attorneys' fees and costs associated with this action as sanctions in the

15  amount of $13,693.27."  Id.

16          As previously noted, Rule 11(b) states, in relevant part, that "[B]y presenting to

17  the court a pleading . . . [an] unrepresented party certifies that to the best of the person's

18  knowledge, information, and belief, formed after an inquiry reasonable under the

19  circumstances . . . [that] the claims, defenses, and other legal contentions are warranted

20  by existing law or by a nonfrivolous argument for extending, modifying, or reversing

21  existing law or for establishing new law."  Fed. R. Civ. P. 11.  As Defendant warned

22  Plaintiff, filing a complaint that includes factual or legal contentions that are barred by a

23  prior judgment may give rise to sanctions under Rule 11.  See, e.g., Ivanova, 217 F.R.D.

24  at 512; see King v. Hoover Grp., Inc., 958 F.2d 219, 223 (8th Cir. 1992) (upholding

25  sanctions where the party "should have realized that [the second action] was barred by

26  [the first action] because of the identity of the facts and issues"); see also Southern

27  Leasing Prtnrs., Inc. v. McMullan, 801 F.2d 783, 788–89 (5th Cir.1986); Cannon v.

28  Loyola Univ. of Chicago, 784 F.2d 777, 782 (7th Cir. 1986).  In fact, some courts have

8

1   noted that "a district court abuses its discretion by refusing to sanction a plaintiff and his

2   counsel under Rule 11 for filing and maintaining a frivolous lawsuit when the plaintiff

3   seeks to relitigate claims he had been denied leave to serve against the same defendant

4   in an earlier lawsuit."  Prof'l Mgmt. Associates, Inc. v. KPMG LLP, 345 F.3d 1030, 1033

5   (8th Cir. 2003).

6          A filing that is "both baseless and made without a reasonable and competent

7   inquiry" is frivolous.  Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th

8   Cir. 1990).  "For example, a filing is frivolous when reasonable inquiry would have

9   revealed that a case was barred by principles of res judicata and collateral estoppel."

10  Sconiers v. Fresno Cnty. Superior Court, 1:11-CV-00113-LJO, 2011 WL 5884263, at *12

11  (E.D. Cal. Nov. 23, 2011) (citing Buster v. Greisen, 104 F.3d 1186, 1190 (9th Cir.)

12  abrogated on other grounds by Fossen v. Blue Cross & Blue Shield of Montana, Inc.,

13  660 F.3d 1102 (9th Cir. 2011)).

14         This action is not Plaintiff's first attempt to bring claims that could have been

15  raised in prior litigation.  See Portnoy v. United States, 2:11-cv-00264-GEB-EFB (E.D.

16  Cal. 2011), ECF Nos. 19, 23 (dismissing Plaintiff's claims on the basis of res judicata

17  because he sued the United States on the same claims in a 2010 case, as well as in

18  previously filed actions in the Eastern District of California),[6] aff'd, No. 12-15174, ECF

19  No. 10 (9th Cir. 2012); Portnoy v. United States, Case No. 2:05-cv-00649-DFL-KJM,

20  ECF Nos. 31-32 (barring one of Plaintiff's claims on the basis of res judicata)[7] aff'd,

21  No. 06-16956, ECF No. 14 (9th Cir. 2007).  Given Plaintiff's long history of filing

22  complaints that are barred by res judicata and the numerous explanations of res judicata

23  given to Plaintiff by several Courts, it should have been abundantly clear to Plaintiff after

24         [6] In his Findings and Recommendation, Judge Brennan explained the doctrine of res judicata.
25  See Portnoy v. United States, 2:11-cv-00264-GEB-EFB (E.D. Cal. 2011), ECF No. 19, available at  2011
    WL 5593059.  The order noted that "[a]ll of the claims in plaintiffs' current complaint are precluded by the
26  doctrine of res judicata as they have been raised, or could have been raised, in plaintiffs' prior federal
    actions and appeals."  Id. (emphasis added).

27         [7] In that action, Judge Mueller explained that "[t]he arguments raised by [Plaintiff] in the instant
    action have been fully adjudicated by [Plaintiff] in an action . . . filed in the Northern District of
28  California . . . .  This claim therefore is barred under the principles of res judicata").

1  reasonable inquiry that filing another complaint related to his March 17, 2010,

2  termination as a bus operator "was not reasonable under the circumstances" as his

3  "claims were not warranted by existing law or good faith arguments for extension,

4  modification, or reversal of existing law." S. Leasing Partners, Ltd. v. McMullan,

5  801 F.2d 783, 788 (5th Cir. 1986).  Therefore, the filing of Plaintiff's SAC and his

6  subsequent refusal to withdraw the filing after receiving the Safe Harbor letter violated

7  Rule 11(b).

8       However, "Rule 11 is not a rule of strict liability.  It imposes [a] standard of

9  reasonableness measured objectively." S. Leasing Partners, Ltd., 801 F.2d at 789.

10  Pro se litigants are held to a standard of reasonableness under Rule 11.  See Warren v.

11  Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994).  Nonetheless, the Court cannot ignore

12  entirely plaintiff's pro se status in the context of a motion for sanctions.  The

13  reasonableness standard is an objective one, but the Court must take into account a

14  litigant's pro se status in exercising its discretion.  See Business Guides, Inc. v.

15  Chromatic Communications Enters., Inc., 892 F.2d 802, 811 (9th Cir.1989) ("[W]hat is

16  objectively reasonable for a pro se litigant and for an attorney may not be the same.").

17       Even taking into account Plaintiff's pro se status, however, the Court finds that

18  Plaintiff's filing of his SAC violates Rule 11.  Given this Plaintiff's familiarity with the

19  doctrine of res judicata based on numerous Court orders explaining it to him, as well as

20  the explanation provided by Defendant, the Court concludes that it was not objectively

21  reasonable for Plaintiff to continue to proceed with this action after receiving Defendant's

22  safe harbor letter. Cf. Kurkowski v. Volcker, 819 F.2d 201, 204 (8th Cir.1987) ("We

23  recognize that pro se complaints are read liberally, but they still may be frivolous if filed

24  in the face of previous dismissals involving the exact same parties under the same legal

25  theories.").  Thus, despite Plaintiff's pro se status, given his familiarity with the doctrine of

26  res judicata, as evidenced by both this case and prior cases also brought in this district,

27  sanctions are appropriate under the circumstances of this case.

28  ///

### 3. Amount of Sanctions

Rule 11 provides that the court may "impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation." It further provides that:

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

Fed. R. Civ. P. 11(c)(2). "Fee sanctions compensate a party for the costs of enforcing the rule when the party taking the challenged position has refused to withdraw or correct it." Islamic Shura Council of S. California v. F.B.I., ___ F.3d ____, 12-55305, 2014 WL 1013324, at *1 (9th Cir. Mar. 18, 2014). Here, Defendant seeks sanctions in the amount of $13,693.27. ECF No. 45 at 3. However, because sanctions must "be limited to what is sufficient to deter repetition of such conduct," the Court sanctions Plaintiff in the amount of $5,000. The Court finds that this amount is sufficient, but not greater than necessary, to deter repetition of Plaintiff's frivolous conduct.[8] Plaintiff is warned that future abuse of the Court system, by filing frivolous actions without an arguable basis in fact or law and which seek to raise claims that could have been raised in prior litigation against Defendant, may result in additional and more severe sanctions.

### C.   Defendant's Request to Label Plaintiff a Vexatious Litigant

Finally, Defendant also requests that the Court find that "[Plaintiff] is a vexatious litigant and [issue] an order requiring [Plaintiff] to obtain Court permission prior to filing

---

[8] The need to deter Plaintiff from filing additional frivolous conduct is readily apparent. In fact, just five days after the issuance of the F&R in this matter which explained to Plaintiff that his claims were barred by res judicata, Plaintiff filed another action against Defendant based on March 17, 2010, termination as a bus operator. See Portnoy v. Veolia Transportation Services, Inc., 2:14-cv-00423-TLN-CKD. The Court dismissed that action as barred by res judicata. See id. at ECF Nos. 3, 5. Plaintiff's appeal of that decision is also pending before the Ninth Circuit, Case No. 14-15807.

1  future lawsuits against [Defendant]." ECF No. 45 at 2.[9] A vexatious litigant is a person

2  who "while acting in propria persona, repeatedly files unmeritorious motions, pleadings,

3  or other papers, conducts unnecessary discovery, or engages in other tactics that are

4  frivolous or solely intended to cause unnecessary delay." See Cal. Civ. Proc.

5  § 391(b)(3). "Under the relevant state statute, what constitutes 'repeatedly' or

6  'unmeritorious' in any given case is left to the sound discretion of the trial court, and

7  while broad, this discretion is not unfettered." Scott v. Palmer, 1:09-CV-01329-LJO,

8  2012 WL 5838997, at *6 (E.D. Cal. Nov. 16, 2012) (internal citations omitted).

9        A District Court is empowered to enjoin litigants who have abusive histories of

10  litigation or who file frivolous lawsuits from continuing to do so. See, e.g., 28 U.S.C.

11  § 1651(a). Federal courts possess the inherent power "to regulate the activities of

12  abusive litigants by imposing carefully tailored restrictions under the appropriate

13  circumstances." Delong v. Hennesey, 912 F.2d 1144, 1147 (9th Cir. 1990). "Frivolous

14  claims by a litigious plaintiff may be extremely costly to defendants and can waste

15  valuable court time." DeNardo v. Murphy, 781 F.2d 1345, 1348 (9th Cir.1986). Enjoining

16  litigants from filing new actions under 28 U.S.C. § 1651(a) is one such restriction that the

17  District Court may take. DeLong, 912 F.2d at 1147.

18  ///

19

20        [9] The Court is cognizant that Defendant included this request within its Rule 11 motion. Rule

21  11(c)(2) provides that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Here, Defendant's motion also included Defendant's request that Plaintiff be labeled a vexatious litigant. Defendant's related request does not run

22  afoul of Rule 11's separateness requirement because "the combination of a Rule 11 motion with similar requests for sanctions . . . [does] not conflict with the purpose of the rule's requirement . . . [that] the request [be] made in separate motions." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and

23  Procedure § 1337.1 (3d ed.2004). Here, Defendant "filed a 'separate' motion for sanctions under the meaning of the rule. The drafters instruct that a 'separate' motion is one that is 'not simply included as an

24  additional prayer for relief contained in another motion.'" Ridder v. City of Springfield, 109 F.3d 288, 294 (6th Cir. 1997) (citing Rule 11). "[T]his requirement is intended to highlight the sanctions request by

25  preventing it from being tacked onto or buried in motions on the merits, such as motions to dismiss or for summary judgment. The requirement does not foreclose combining a Rule 11 request with other

26  provisions regulating . . . behavior. . . . To require [Defendant] to request Rule 11 sanctions separate from other requests . . . based on the same conduct would amount to needless duplication of paper, time, and

27  effort, for practitioners as well as the courts." Id.; see Prenda Law, Inc. v. Godfread, 13-CV-4341, 2014 WL 381612, at *5 (N.D. Ill. Feb. 3, 2014) (stating that "this Court declines to require multiple separate

28  motions for sanctions which stem from the same vexatious conduct").

1    The Court may issue an order declaring a litigant to be a vexatious litigant and

2  require a litigant to seek permission from the Court prior to filing any future suits.

3  Weissman v. Quail Lodge Inc., 179 F.3d 1194, 1197 (9th Cir. 1999).  However, federal

4  courts have been cautious in declaring plaintiffs vexatious litigants.  To issue such an

5  order, the Ninth Circuit requires that the District Court ensure that: (1) the Plaintiff is

6  given adequate notice to oppose a restrictive pre-filing order; (2) the record of the case

7  filings reflects "in some manner, that the litigant's activities were numerous and abusive;"

8  (3) there are substantive findings as to the frivolousness or harassing nature of plaintiff's

9  filings; and (4) the order is narrowly tailored to remedy only the plaintiff's particular

10  abuses.  O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir.1990); DeLong, 912 F.2d at

11  1147–49.   A pre-filing order cannot issue merely upon a showing of litigiousness.

12  Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990).  A review of the plaintiff's claims

13  must establish that they were both numerous and without merit.  Id.

14    All four requirements are met.  As explained above, Plaintiff has demonstrated a

15  disregard for the judicial process by "preempt[ing] the use of judicial time that properly

16  could be used to consider the meritorious claims of other litigants."  Molinski v.

17  Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (citation omitted).

18  Although he largely declined to address the merits of Defendant's request, the Court

19  provided Plaintiff with an opportunity to respond.  See Opp'n, ECF No. 55.  Further, as

20  demonstrated, the record reflects that Plaintiff's filings are numerous and frivolous.

21  Therefore, the Court GRANTS Defendant's request to label Plaintiff a vexatious litigant.

22  However, given that the entry of pre-filing orders is an "extreme remedy that should

23  rarely be used" and that courts should not enter pre-filing orders "with undue haste

24  because such sanctions can tread on a litigant's due process right of access to the

25  courts," at this time, the Court requires only that Plaintiff seek permission from the Court

26  prior to filing any future suits against this Defendant.

27  ///

28  ///

1

**CONCLUSION**

2

3          For the reasons set forth above:

4          1.        Defendant's motion for Rule 11 Sanctions, ECF No. 44, is GRANTED as

5                    set forth above;

6          2.        Plaintiff is ORDERED to pay the sum of $5,000 in attorneys' fees to

7                    Defendant;

8          3.        Defendant's request that Plaintiff be labeled a vexatious litigant is

9                    GRANTED as set forth above; and

10         4.        Plaintiff must seek permission from the Court prior to filing any future suits

11                   against Defendant.

12         IT IS SO ORDERED.

13    Dated:  July 22, 2014

14

15

16    _____

      MORRISON C. ENGLAND, JR., CHIEF JUDGE
17    UNITED STATES DISTRICT COURT

18

19

20

21

22

23

24

25

26

27

28