UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SERGEI PORTNOY - VEXATIOUS LITIGANT,

Plaintiff,

v.

VEOLIA TRANSPORTATION SERVICES, INC.,

Defendant.

No.  2:13-cv-00043-MCE-EFB

**ORDER**

On March 28, 2014, the Court entered judgment in favor of Defendant pursuant to its Order adopting the Findings and Recommendations of the assigned magistrate judge and granting Defendant's Motion to Dismiss, ECF No. 26.  ECF Nos. 56 (Order) and 57 (Judgment).  The Court subsequently issued a Memorandum and Order on July 24, 2014, granting Defendant's Motion for Attorney Fees and Request that Plaintiff be Labeled a Vexatious Litigant, ECF No. 44.  ECF No. 67 (Memorandum and Order). Presently before the Court is Plaintiff's Motion to Void the July 24, 2014 Order Declaring Plaintiff a Vexatious Litigant.  ECF No. 70.  The Court construes Plaintiff's Motion as a motion for reconsideration under Federal Rule of Civil Procedure 60(b), and it is hereby DENIED.

///

1    A motion for reconsideration is properly brought pursuant to either Federal Rule of

2    Civil Procedure 59(e) or Rule 60(b).  Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989).

3    Such a motion is treated as a Rule 59(e) motion if filed within twenty-eight days of entry

4    of judgment, but as a Rule 60(b) motion if filed more than twenty-eight days after

5    judgment is entered.  See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.,

6    248 F.3d 892, 898-99 (9th Cir. 2001).  A motion may be construed under Rule 59 or

7    Rule 60 even though it is not labeled as such, or not labeled at all.  Taylor, 871 F.2d at

8    805.  Since Plaintiff's motion for reconsideration was filed more than twenty-eight days

9    from the entry of judgment, the Court will treat it as a motion under Rule 60(b).

10    Rule 60(b) provides for reconsideration of a final judgment or any order where

11    one or more of the following is shown: (1) mistake, inadvertence, surprise, or excusable

12    neglect; (2) newly discovered evidence which, with reasonable diligence, could not have

13    been discovered within twenty-eight days of entry of judgment; (3) fraud,

14    misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment;

15    (5) satisfaction of the judgment; and (6) any other reason justifying relief.  Fed. R. Civ. P.

16    60(b).  A motion for reconsideration on any of these grounds must be brought within a

17    reasonable time, and no later than one year, of the entry of the judgment or the order

18    being challenged.  Id.  Additionally, Local Rule 230(j) requires a party filing a motion for

19    reconsideration to show the "new or different facts or circumstances claimed to exist

20    which did not exist or were not shown upon such prior motion, or what other grounds

21    exist for the motion."  L.R. 230(j).

22    A court should be loathe to revisit its own decisions unless extraordinary

23    circumstances show that its prior decision was clearly erroneous.  Christianson v. Colt

24    Indus. Operating Corp., 486 U.S. 800, 817 (1988).  This principle is embodied in the law

25    of the case doctrine, under which "a court is generally precluded from reconsidering an

26    issue that has already been decided by the same court, or a higher court in the identical

27    case."  United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (quoting Thomas v.

28    Bible, 983 F.2d 152, 154 (9th Cir. 1993)).  Mere dissatisfaction with the court's order, or

1    belief that the court is wrong in its decision, is not grounds for relief under Rule 60(b).

2    Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

3    Accordingly, a district court may properly deny a motion for reconsideration that simply

4    reiterates an argument already presented by the petitioner.  Maraziti v. Thorpe, 52 F.3d

5    252, 255 (9th Cir. 1995).  The decision to grant or deny a motion for relief from judgment

6    is addressed to the sound discretion of the district court.  Turner v. Burlington N. Santa

7    Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003); Harman v. Harper, 7 F.3d 1455, 1458

8    (9th Cir. 1993).

9          Here, Plaintiff has failed to meet its burden under Rule 60(b).  Specifically,

10   Plaintiff's Motion was not timely filed, fails to present newly discovered evidence that

11   would change the outcome of the Court's ruling, fails to show that the Court committed

12   clear error, and fails to establish fraud, misrepresentation, or misconduct of either the

13   opposing party or of this Court.  Plaintiff argues that the Order declaring him a vexatious

14   litigant is "[f]raud upon the Court by the officer of the Court, [the undersigned], and

15   rendered in violation [of] (Due Process) Fifth Amendment of the United States

16   Constitution." ECF No. 70, Motion, at 2.  Plaintiff's claims are baseless.  As provided in

17   the Court's July 24 Order, to issue an order declaring a plaintiff to be a vexatious litigant,

18   the Ninth Circuit requires that the District Court ensure that: (1) the plaintiff is given

19   adequate notice to oppose a restrictive pre-filing order; (2) the record of the case filings

20   reflects "in some manner, that the litigant's activities were numerous and abusive;"

21   (3) there are substantive findings as to the frivolousness or harassing nature of plaintiff's

22   filings; and (4) the order is narrowly tailored to remedy only the plaintiff's particular

23   abuses.  O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir.1990); DeLong, 912 F.2d at

24   1147–49.  As also provided in the Court's Order, all four requirements were met in this

25   case and nothing in Plaintiff's present Motion to Void indicates to the contrary.

26         Plaintiff complains that he was not given notice and an opportunity to respond to

27   the Court's order, but Plaintiff did in fact respond to the sanctions request, which is all

28   ///

3

1    that is required.[1]  <u>See</u>, Opposition, ECF No. 55.  That motion was properly submitted

2    pursuant to Local Rule 230(g)—there is no requirement that the Court hold oral

3    argument, as Plaintiff suggests.  <u>See</u> ECF No. 64.  Additionally, and contrary to Plaintiff's

4    final assertion, it appears the Court's Order was properly served on Plaintiff at the

5    address on file.  Moreover, the Court has herein considered the merits of Plaintiff's

6    Motion to Void, and does not base its ruling solely on Plaintiff's tardiness in requesting

7    reconsideration.

8         Plaintiff's Motion therefore fails to present newly discovered evidence, fails to

9    show that the Court committed clear error, and fails to establish fraud,

10    misrepresentation, or misconduct of the opposing party or of this Court.  Accordingly,

11    Plaintiff's Motion for Reconsideration (ECF No. 70) is DENIED.

12        IT IS SO ORDERED.

13    Dated:  March 22, 2018

14

15                      MORRISON C. ENGLAND, JR
                           UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28       [1] And indeed, Plaintiff has also responded to the Court's Order by way of his present Motion to Void that Order.