UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEI PORTNOY,<br><br>    Plaintiff,<br><br>    v.<br><br>VEOLIA TRANSPORTATION SERVICES, INC.,<br><br>    Defendant. | No. 2:13-cv-00043-MCE-EFB<br><br>**ORDER** |

On January 9, 2013, Plaintiff Sergei Portnoy ("Plaintiff"), acting pro se and <u>in forma pauperis</u> ("IFP"), filed a Complaint alleging numerous claims against Defendant Veolia Transportation Services, Inc. ("Defendant") stemming from Plaintiff's March 17, 2010, termination as a bus operator. <u>See</u> ECF No. 1. However, because Plaintiff's claims could have been raised in prior litigation against Defendant, the Court dismissed Plaintiff's Second Amended Complaint. <u>See</u> ECF Nos. 43, 56.

Plaintiff filed a Notice of Appeal on April 1, 2014. ECF No. 58. On April 9, 2014, the United States Court of Appeals for the Ninth Circuit referred the matter back to this Court for the limited purpose of determining whether Plaintiff's IFP status should continue on appeal or whether that status should be revoked because the appeal is frivolous or taken in bad faith. ECF No. 60. This Court determined that Plaintiff's appeal

1

was not taken in good faith, and therefore revoked his IFP status. ECF No. 62. On September 23, 2014, the Court of Appeals summarily affirmed this Court's judgment against Plaintiff. ECF No. 68.

While Plaintiff's first appeal was pending, this Court issued an Order on July 24, 2014, granting Defendant's Motion for Attorney's Fees and further granting its request that Plaintiff be labeled a vexatious litigant. ECF No. 67. Almost three years later, on June 19, 2017, Plaintiff filed a Motion to Void the Order Declaring Plaintiff a Vexatious Litigant, which the Court construed as a motion for reconsideration of its July 24, 2014 Order under Federal Rule of Civil Procedure 60(b). ECF Nos. 70, 72. The Court denied that motion on March 22, 2018, and Plaintiff thereafter filed another appeal. ECF No. 73. As is now relevant, the Court of Appeals again referred this matter to the district court for the limited purpose of determining whether IFP status should continue for the appeal, or whether the appeal is frivolous or taken in bad faith. ECF No. 76.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); see also Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of in forma pauperis status appropriate where district court finds the appeal to be frivolous). The good faith standard under 28 U.S.C. § 1915 is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445).

For the reasons stated in the Court's July 24, 2014 Memorandum and Order (ECF No. 67) and subsequent Order denying Plaintiff's Motion for Reconsideration (ECF No. 72), the Court finds that the instant appeal is frivolous. The Court thus certifies that Plaintiff's appeal is not taken in good faith, and concludes that—to the extent Plaintiff may have continued IFP status despite its prior revocation—Plaintiff's in forma pauperis status should not continue for purposes of the appeal.

///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's in forma pauperis status is REVOKED.

2. The Clerk of Court is directed to serve a copy of this Order on Plaintiff and on the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated: May 17, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE